# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 22-CR-4051-LTS-KEM |
| vs. | **REPORT AND RECOMMENDATION** |
| AKI AWOU, | |
| Defendant. | |

Defendant Aki Awou, proceeding pro se, moves to suppress evidence obtained as the "fruits" of state warrants authorizing GPS[1] tracking of a vehicle. Doc. 141. The Government filed a resistance (Doc. 147). I recommend **denying** the motion to suppress (Doc. 141).[2]

The Government argues that Awou lacks standing to challenge the GPS searches because even though he "was the primary driver of the vehicle," he was not the registered owner. Doc. 147 at 7-8.

> Fourth Amendment standing is "useful shorthand for capturing the idea that a person must have a cognizable Fourth Amendment interest in the place searched before seeking relief for an unconstitutional search," but it does not implicate Article III jurisdiction. [The court] must determine whether [the defendant] "had a legitimate expectation of privacy in the area searched

---

[1] Global Positioning System.

[2] The Government argues the motion is untimely, noting it wishes to preserve its objection to my prior extension of the pretrial-motions deadline (Doc. 140). The Government did not file a timely appeal of the extension order. *See United States v. Johnson*, No. 19-CR-4065-LTS-KEM, 2020 WL 7685939, at *5 (N.D. Iowa Nov. 10, 2020), *report and recommendation adopted,* No. CR19-4065-LTS, 2020 WL 7312181 (N.D. Iowa Dec. 11, 2020), *aff'd,* 75 F.4th 833, 841 n.3 (8th Cir. 2023).

or the item seized."[3]

A defendant need not be the registered owner of a vehicle to have a privacy interest in it.[4]  "[A] history of regular use of" a car can establish a presumption that the defendant had permission from the owner to use the car and therefore a legitimate expectation of privacy in the car.[5]  Here, because Awou was the vehicle's primary driver, he has standing to challenge the GPS searches.

Awou acknowledges that law enforcement obtained warrants to place the GPS tracker on the vehicle.  *See* Docs. 147-1 to 147-4.  He argues that the warrant covering mid-April to mid-May (Doc. 147-3) is void because the return was signed by a different judge than the one who issued the warrant, and the warrant did not designate the judge to whom it would be returned, in violation of Federal Rule of Criminal Procedure 41(f)(2)(B)[6] and Nebraska Revised Statute § 29-814.04.[7]  He argues that the warrant covering mid-May to mid-June (Doc. 147-4) is void because the warrant produced in discovery contains no return, date of execution, or inventory sheet, in violation of Rule

---

[3] *United States v. Bettis*, 946 F.3d 1024, 1027 (8th Cir. 2020) (quoting *Byrd v. United States*, 138 S. Ct. 1518, 1530 (2018); *United States v. Gomez*, 16 F.3d 254, 256 (8th Cir. 1994)).

[4] *United States v. Rose*, 731 F.2d 1337, 1343 (8th Cir. 1984) (holding that defendant had standing to challenge search of vehicle owned by his sister because she had given him permission to use the vehicle); *cf. Bettis*, 946 F.3d at 1028-29 (holding that when defendant's wife rented car and gave defendant, who did not have a driver's license, permission to drive it, defendant had standing to challenge search of rental car, despite being an unauthorized driver under the terms of the rental agreement).

[5] *See United States v. Sanchez,* 943 F.2d 110, 114 (1st Cir. 1991) (favorably cited by *United States v. Muhammad*, 58 F.3d 353, 355 (8th Cir. 1995)).

[6] "Within 10 days after the use of the tracking device has ended, the officer executing the warrant must return it to the judge designated in the warrant."

[7] "The warrant shall designate the magistrate or judge to whom it shall be returned."

41[8] and Nebraska Revised Statute § 29-815.[9] After Awou filed his motion, the Government produced the missing return and inventory (Doc. 147-5).

"[A] procedural violation of state or federal law in securing a warrant ought not result in suppression of the evidence unless the law was either deliberately violated, or the defendant was prejudiced by the violation in the sense that absent the violation the search may not have occurred."[10] Suppression is not an appropriate remedy for the minor rules violation of returning the warrant to the wrong judge.[11]

Accordingly, I recommend **DENYING** Awou's motion to suppress (Doc. 141).

Objections to this Report and Recommendation, in accordance with 28 U.S.C. § 636(b)(1), Federal Rule of Criminal Procedure 59(b), and Local Criminal Rule 59, must be filed within fourteen days of the service of a copy of this Report and Recommendation; any response to the objections must be filed within seven days after service of the objections. A party asserting such objections must arrange promptly for the transcription of all portions of the record that the district court judge will need to rule on the objections.[12] Objections must specify the parts of the Report and Recommendation

---

[8] **Fed. R. Crim. P. 41(f)(2)** (setting out separate procedure for tracking-device warrants that does not require inventory sheet); **Fed. R. Crim. P. 41(f)(2)(A)** ("The officer executing a tracking-device warrant must enter on it the exact date and time the device was installed and the period during which it was used."); **Fed. R. Crim. P. 41(f)(2)(B)**.

[9] "The warrant must be executed and returned within ten days after its date. . . . The return shall be made promptly and shall be accompanied by a written inventory of any property taken."

[10] *United States v. Timley*, 443 F.3d 615, 624 (8th Cir. 2006).

[11] *See United States v. Turner*, 781 F.3d 374, 386-87 (8th Cir. 2015) (multiple procedural violations of Rule 41, including failure "to designate a judge to which the warrant must be returned," did not require suppression); *Timley*, 443 F.3d at 624 (failure to file warrant application "technical irregularity" that did not require suppression); *State v. Nolt*, 906 N.W.2d 309, 320-21 (Neb. 2018) (failure to timely return warrant "ministerial defect" that did not require suppression).

[12] **LCrR 59**.

to which objections are made, as well as the parts of the record forming the basis for the objections.[13] Failure to object to the Report and Recommendation waives the right to de novo review by the district court of any portion of the Report and Recommendation, as well as the right to appeal from the findings of fact contained therein.[14]

A copy of this Report and Recommendation shall be mailed to the Defendant, proceeding pro se.

**ENTERED** on January 17, 2024.

Kelly K.E. Mahoney
Chief United States Magistrate Judge
Northern District of Iowa

---

[13] *See* **Fed. R. Crim. P. 59**.

[14] *United States v. Wise*, 588 F.3d 531, 537 n.5 (8th Cir. 2009).