# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>AKI AWOU,<br><br>    Defendant. | No. CR22-4051-LTS<br><br>**MEMORANDUM OPINION AND ORDER ON REPORT AND RECOMMENDATION** |

## I.     INTRODUCTION

This matter is before me on a Report and Recommendation (Doc. 148) filed by Chief United States Magistrate Judge Kelly K.E. Mahoney, in which she recommends that I deny defendant Aki Awou's motion (Doc. 141) to suppress evidence. Awou has filed timely objections (Doc. 150). Based on the issues raised therein, I held an evidentiary hearing on February 7, 2024. At the hearing, the Government presented testimony from Detective David Ullery of the Omaha Police Department and relied on exhibits submitted with its resistance (Doc. 147).

## II.     BACKGROUND

On March 16, 2023, the grand jury returned a superseding indictment (Doc. 58) charging Awou with one count of conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846 and two counts of possession with intent to distribute and aiding and abetting the possession with intent to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 18 U.S.C. § 2. After multiple changes in counsel and continuances, Awou, now proceeding pro se, filed his motion (Doc.141) to suppress on December 18, 2023, and the Government filed its resistance (Doc. 147) on December 29, 2023. Judge Mahoney issued her R&R (Doc.

148) on January 18, 2024. Awou filed his objections (Doc. 150) on January 26, 2024. Trial is scheduled to begin February 26, 2024.

### III. STANDARD OF REVIEW

A district judge must review a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Crim. P. 59(b). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573-74 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). However, a district judge may elect to review an R&R under a more-exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude

2

> further review by the district judge, sua sponte or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 150 (1985).

## IV. DISCUSSION

Awou moves to suppress evidence obtained as "fruits" of state warrants authorizing GPS tracking of a vehicle. He asks the court to suppress all evidence and data obtained after April 15 due to use of a GPS tracker. In his initial motion, he seemed to be making technical arguments concerning the third and fourth of the four GPS warrants the Government relies upon.[1] He argued that the third warrant (Doc. 147-3), which covered the period from April 14, 2022, to May 12, 2022, is void because the return was signed by a different judge than the one who issued the warrant and the warrant did not designate the judge to whom it would be returned in violation of Federal Rule of Criminal Procedure 41(f)(2)(B) and Nebraska Revised Statute § 29-814.04. He argued that the fourth warrant (Docs. 147-4 and 147-5), which covered the period from May 12, 2022, to June 7, 2022 (the date it was returned), is void because the warrant produced in discovery contains no return, date of execution, or inventory sheet, in violation of Rule 41 and Nebraska Revised Statute § 29-815.[2]

Judge Mahoney recommends denying Awou's motion because "a procedural violation of state or federal law in securing a warrant ought not result in suppression of the evidence unless the law was either deliberately violated, or the defendant was prejudiced by the violation in the sense that absent that violation the search may not have occurred." Doc. 148 (quoting *United States v. Timely*, 443 F.3d 615, 624 (8th Cir.

---

[1] The third warrant (Doc. 147-3) purportedly covered the period from April 14, 2022, to May 12, 2022. The fourth warrant (Doc. 147-4 and 147-5) purportedly covered the period from May 12, 2022, to June 7, 2022 (the date it was returned). Awou does not claim that the first two warrants (Docs. 147-1 and 147-2) are fraudulent or otherwise invalid.

[2] The Government produced the missing return and inventory in response to Awou's motion. *See* Doc. 147-5.

3

Case 5:22-cr-04051-LTS-KEM   Document 162   Filed 02/08/24   Page 3 of 7

2006)). She reasoned that suppression was not an appropriate remedy for the minor rules violation of returning the warrant to the wrong judge. *Id.* (citing *United States v. Turner*, 781 F.3d 374, 386-87 (8th Cir. 2015)).

In his objections, Awou clarifies that his primary argument is that all evidence after April 15, 2022, should be suppressed due to the warrantless use of a GPS tracker. Doc. 150 at 1. He states that he acknowledges only two valid warrants. The first (Doc. 147-1) expired on or about March 15, 2022, and the second (Doc. 147-2) expired on or about April 15, 2022. He argues that the second and third warrants were executed on the same date[3] and, based on this discrepancy, concludes that the Government has fabricated evidence to make it appear that the third and fourth warrants were issued on the dates shown in those warrants when, in fact, they were not.[4] *Id.* at 2. Awou does not challenge Judge Mahoney's conclusions related to different judges signing the warrant versus the return.

Because the return for the third warrant reflects that it was served on March 15, 2022, even though the warrant was not issued until April 14, 2022, I determined that an evidentiary hearing was necessary to determine the reason for this apparent conflict. *See* Doc. 155. At that hearing, Ullery testified that the March 15, 2022, date on the Return and Inventory for the third warrant was a typographical error and that the warrant was actually served on or after April 14, 2022 – the date on the signed search warrant. Ullery also testified that he was personally involved in preparing the applications for all four

---

[3] This appears to be based on the Return and Inventory for the second and third warrants. The Return and Inventory for the second warrant states that on March 15, 2022, the officer served the warrant. Doc. 147-2 at 8. That warrant was issued March 15, 2022. *Id.* at 5. The Return and Inventory for the third warrant also states that the officer served the warrant on March 15, 2022, but the warrant reflects an issue date of April 14, 2022. Doc. 147-3 at 9-10. The warrants themselves contain accurate dates.

[4] While Judge Mahoney did not address this issue in her R&R, Awou's motion raises the issue of the same execution date on the second and third warrants and therefore, I find this issue was preserved. *See* Doc. 141 at 2.

4

GPS tracker warrants and presenting those applications to a judge. He further testified that applications and warrants were signed on the dates reflected in those documents. Thus, while the return for the third warrant included an incorrect date of service for that warrant, all other dates contained in the applications and warrants are correct.

Awou did not present any evidence to refute this testimony or otherwise support his contention that the Government has fabricated the third and fourth warrants.[5] As such, to the extent Awou contends that the third and fourth warrants are not legitimate, and did not exist during the time periods described in those warrants, I reject that argument. I find that the third and fourth warrants were sought and obtained on the dates listed in those warrants and were not created after the fact.

I further find that the return for the third warrant (Doc. 147-3 at 10) contains a clerical error, as a warrant issued on April 14, 2022, could not have been served on March 15, 2022. The return for the second warrant, which was issued March 15, 2022, likewise reflects a date of service of the warrant of March 15, 2022. Doc. 147-2 at 5-8. Based on Ullery's testimony, I find that when he prepared the return for the third warrant, he mistakenly failed to change the date of service, thus making it appear that he served the warrant a month before it was issued.

An incorrect date is a "technicality issue" that "does not invalidate [a] search warrant." *United States v. Smith*, 720 F.3d 1017, 1020 (8th Cir. 2013). In *Smith*, the search warrant application and warrant documents were dated January 25, 2011, but the magistrate judge incorrectly dated the warrant January 24, 2011. Agents executed the warrant on January 26, 2011. *Id.* at 1018. Smith argued agents executed the warrant on January 24, 2011, and therefore the search warrant was not approved until after the search. *Id.* at 1019. After a hearing, the district court determined the search warrant

---

[5] Awou's argument is based, in part, on the fact that the Government supplemented its discovery with the third and fourth warrants after Awou raised issues with regard to evidence obtained after the first two warrants. However, there is no evidence in the record to suggest that the third and fourth warrants were fabricated after the fact. Awou relies on mere speculation.

5

was executed on January 26, 2011, not January 24, 2011, and found the search warrant valid under the good-faith exception to the warrant requirement established in *United States v. Leon*, 468 U.S. 897 (1984). *Id.* The Eighth Circuit affirmed on appeal, noting that Smith had not presented any evidence supporting his claim that agents had executed the search warrant prior to it being authorized and that the clerical error did not defeat probable cause. *Id.* at 1020.

The same is true here with regard to the third warrant. The technical error in the return did not defeat probable cause and the warrant was properly executed. In addition, even if the search warrant could be deemed invalid based on this technicality, the *Leon* good-faith exception would apply to allow the admission of evidence resulting from the search. *See Leon*, 468 U.S. at 918 (concluding "evidence obtained by officers acting in reasonable reliance on a search warrant issued by a detached and neutral magistrate" should not be excluded even if that search warrant is later deemed invalid). Awou's objections to the third warrant are overruled.

With regard to the fourth warrant, apart from contending that it is a fabrication, Awou's argument appears to be based on the lack of a Return and Inventory with a date of execution. *See* Doc. 150 at 2. As noted by Judge Mahoney, that document has now been produced. *See* Doc. 147-5. At the hearing, Awou also raised the issue of why the Return and Inventory for the fourth warrant was dated prior to the expiration of the 30-day time period for that warrant. Ullery testified that the warrant was returned early because the investigation had concluded. There is no evidence suggesting that this explanation is false. Awou's objections to the fourth warrant are overruled.

## V.     CONCLUSION

For the reasons set forth herein:

1. Awou's objections (Doc. 150) to the Report and Recommendation (Doc. 148) are **overruled**;

6

Case 5:22-cr-04051-LTS-KEM   Document 162   Filed 02/08/24   Page 6 of 7

2. I **accept** the Report and Recommendation (Doc. 148) with the additional explanations and modifications discussed herein.

3. Pursuant to Judge Mahoney's recommendation, Awou's motion (Doc. 141) to suppress is **denied**.

**IT IS SO ORDERED.**

**DATED** this 8th day of February, 2024.

_____
Leonard T. Strand, Chief Judge